UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASSOCIATES INSURANCE COMPANY,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

          v.

                                                    04CV174S

                                                    **Order**

GEORGE J. CASTLE, INC.,
HAROLD HALL, JR.,
LINDA HALL, and
HAROLD HALL, SR.,

                              Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)

(see Docket No. 8, Apr. 9, 2004, non-dispositive referral; see also text order of April 13, 2005,

entered April 15, 2005 (first referral); text order of June 3, 2005 (second referral)).  Before the

Court are (1) defendants Harold Hall, Jr., and Linda Hall's (collectively the "Halls") motion

(Docket Nos. 39, 41[1], Apr. 4, 2005) to strike the Complaint as a discovery sanction or to compel

disclosure from plaintiff, pursuant to Federal Rules of Civil Procedure 26, 30, 34, and 37, and

(2) plaintiff Associates Insurance Company's virtual crossing motion to compel discovery from

the Halls and for sanctions (Docket No. 50, June 2, 2005).  As amended, responses to the Halls'

motion were due by May 9, 2005, and reply by May 16, 2005 (Docket Nos. 43, 44).  Argument

---

[1]Docket No. 41 substitutes for the original motion, Docket No. 39, due to an ECF filing
error.

was held on May 31, 2005 (Docket No. 48), and the Court reserved decision following argument.

The Court then sought additional briefing on an issue in this motion, due by June 17, 2005

(Docket No. 49).  Following the filing of plaintiff's motion, the Court scheduled responses to it

to be due by June 10, 2005, reply by June 17, 2005, and that motion was deemed submitted as of

June 17 without oral argument (Docket No. 53).

Since the issues in both parties' motions are similar and both seek relief that ultimately

would be dispositive, they have been considered together in this Order.  This Order addresses the

non-dispositive portions of the relief sought by the parties.  An accompanying Report &

Recommendation addresses the potentially dispositive portions of these motions.

## BACKGROUND

This is a declaratory judgment action by insurer Associates Insurance Company seeking a

declaration that it is not liable to defend or indemnify defendants George J. Castle, Inc., and

Harold Hall, Sr.,[2] under its insurance policy for any liability arising from a pending state court

action Harold Hall, Jr., and Linda Hall v. George J. Castle, Inc., New York Supreme Court, Erie

County, Index No. I2003-11109, which is a personal injury action from an October 2002 accident

involving Harold Hill, Jr.  The policy (even redacted or excerpted as to its relevant provisions),

however, was not attached as an exhibit or attachment to the Complaint (but cf. Docket No. 1,

Compl. ¶¶ 18-20, discussing applicable policy).  Plaintiff sent defendant George J. Castle, Inc.,

and the Halls a letter on November 3, 2003, reserving its rights under the policy, contending that

Harold Hall, Jr., was an employee of George J. Castle, Inc., and hence excluded from the

personal injury policy (Docket No. 47, Defs. Atty. Reply Aff. Ex. A).  The current scheduling

---

[2]Harold Hall, Sr., subsequently defaulted in this action, Docket No. 16, Nov. 15, 2004.

Order entered in this action had discovery to be completed by June 21, 2005 (Docket No. 38, Jan. 24, 2005).

*The Halls' Motion to Strike and to Compel*

Plaintiff, however, did not produce the policy at issue, either with its initial disclosure under Rule 26(a) (<u>cf.</u> Docket No. 33; Docket No. 41, Ex. F), or in response to the Halls' document production request (Docket No. 41, Exs. G, J; <u>see also</u> <u>id.</u> Exs. C, E (the Halls' correspondence requesting the same materials)).  The Halls then filed their motion to compel on April 5, 2005 (Docket Nos. 39, 41).  The Halls conclude that plaintiff's responses to the production demand were evasive and without production of documents, only representing that documents would be produced.  (Docket No. 41, Ex. J, Pl. Response to Defs.' Demands for Production; <u>see id.</u> Objections ¶ 11, objecting to production of confidential materials, Response No. 1, stating that, subject to stated objections, documents responsive to this demand would be produced.)  They also seek the examination of the claims representative that rejected coverage here (<u>id.</u> Ex. G).  Plaintiff, however, offered to produce an unspecified corporate representative, and depositions of plaintiff's representative is scheduled for June 1, 2005 (Docket No. 47, Defs. Atty. Reply Aff. ¶ 4).  Even during oral argument on May 31 plaintiff declined to name the representative or assure the Halls that the witness would be responsive to their demand.  Plaintiff did not indicate during argument of the Halls' motion on May 31 that it was having problems obtaining discovery materials from them.

Plaintiff responds to this motion arguing that delays in production were due either to awaiting execution of HIPAA releases for the Halls' medical information, or contending with Harold Hall, Sr.'s, default and George J. Castle, Inc., being on the verge of default through much

of the early stages of this action. (see Docket No. 45, Pl. Atty. Aff., Ex. A, Mar. 4, 2005, letter)

Plaintiff contends that the latter default and near default prevented a more timely response from it

to the Halls' discovery demands.  Plaintiff had circulated a proposed confidentiality agreement

for the Halls' counsel and other defense counsel to execute before producing documents,

deeming the underlying insurance policy to be confidential between plaintiff and George J.

Castle, Inc.  (Docket No. 45, Pl. Atty. Aff.)  Plaintiff contends that it produce nearly 1,800 pages

of documents (id. ¶ 6, Ex. C, letter of May 6, 2005) and eventually produced the policy at issue

(id. Ex. C, May 6, 2005).  It claims that the Halls also could seek this same discovery through the

pending state court action.  Plaintiff also produced a privilege log of documents it asserted were

privileged.  The Halls seek correspondence between plaintiff and Hurwitz & Fine, George J.

Castle, Inc.'s retained attorney for the state court action, which plaintiff asserts are privileged

under the attorney-client privilege.  The Halls contend that this privilege is not applicable to an

insurer and the counsel it retains for its insured.  The Court ordered that the parties brief this

issue (Docket No. 49).

The Halls replied that plaintiff has not been cooperative in discovery and that plaintiff

eventually produced the policy but without requiring execution of a confidentiality agreement

(Docket No. 47, Defs. Atty. Aff.).  The Halls, during oral argument, suggested that a third policy,

one for 2000, may not have been produced while policies with account numbers ending with -99

and -01 were produced.

In reply, plaintiff cites (Docket No. 58, Pl. Reply Aff. ¶ 9, Ex. A) to the docket entry for

the Scheduling Order for the Halls' motion (Docket No. 43) as the Order itself, contending that

this Order did not address the discovery deadlines.  That docket entry, however, is not the Order.

Electronically attached to the docket for that entry is the actual Order which states:

> Defendants Harold Hall and Linda Hall have filed a motion to strike pleadings and to compel production and deposition (Docket No. 39; <u>see</u> text entry, April 15, 2005, referring matter to undersigned).  Responses shall be filed on or before May 2, 2005.  A reply, if any, shall be filed on or before May 16, 2005.  Oral argument shall take place on May 31, 2005, at 10:30 am, before the Hon. Hugh B. Scott at 414 U.S. Courthouse, 68 Court Street, Buffalo, New York.
> Discovery deadlines in this action are extended until after argument of this motion.

(Docket No. 43.)  That Order did extend the discovery deadlines pending argument of the

pending motion.

*Plaintiff's Motion To Compel*

On June 2, 2005, plaintiff filed this motion seeking to compel a written response to its

written document production request from the Halls as well as seeking appropriate Rule 37

sanctions including recovery of expenses, in particular striking pleadings or precluding evidence

under Rule 37(b)(2)(A), (B), and (C) (Docket No. 50).

While the Halls' motion to compel was pending, plaintiff's counsel wrote to the Halls'

counsel on April 19, 2005, sending notices to depose the Halls as well as seeking document

production from them.  Among the items sought from the Halls includes "copies of all pleadings

in the underlying New York State Supreme Court personal injury action" (Docket No. 51, Pl.

Atty. Aff. ¶ 4, Ex. A; <u>see</u> Docket No. 54, Defs. Atty. Aff. ¶ 7, Ex. B).  Plaintiff also seeks the

Halls' tax returns from 1998 to present; pay stubs from George J. Castle, Inc., from that same

time period; training manuals and handbooks from George J. Castle, Inc., to Harold Hall, Jr.;

documents supporting the Halls' affirmative defenses; and trip logs, trip tickets, receipts, weigh

tickets, memoranda, and related documentation regarding the trip giving rise to the state tort

action (Docket No. 51, Pl. Atty. Aff. Ex. A).  The Halls' counsel wrote back the next day

objecting to these demands while their motion to compel was pending and that the notices were

defective under Federal Rule of Civil Procedure 6 (time) and this Court's Local Civil Rule 30,

see W.D.N.Y. Local Civ. R. 30(a) (fair notice for depositions) (id. ¶ 5, Ex. B).  The Halls

rejected the notices (id.).  The Halls later argued that the documents sought were in plaintiff's

possession and it would have been inequitable to require them to produce these documents.

(Docket No. 54, Defs. Atty. Aff. ¶ 10.)

 Plaintiff claims that it then made a sincere attempt to resolve this matter by a follow up

letter it sent on May 26, 2005 (Docket No. 51, Pl. Atty. Aff. ¶ 6, Ex. C).  It contends now that the

Halls return date on their motion had passed and the Halls had yet to respond to plaintiff's

discovery demands and they lack a basis to object to producing (id. ¶ 7) and plaintiff went ahead

and proposed to depose Harold Hall, Jr., on June 3, 2005, despite not having the documents

sought (id. ¶ 8).

 Plaintiff seeks sanctions for failing to obey an order, Fed. R. Civ. P. 37(b)(2)(A) (facts

established in accordance with claim of party obtaining the order), (B) (claim and evidence

preclusion), (C) (striking pleadings), and sanctions and payment of motion expenses under

Rule 37(a)(4)(A) (Docket No. 51, Pl. Atty. Aff. ¶ 3), although no order had yet been entered.

 The Halls produced documents responsive to plaintiff's demand (Docket No. 54, Defs.

Atty. Aff. ¶ 3, Ex. A, Defs.' Responses and Objections, dated June 6, 2005).  The parties agreed

to adjourn the June 3 deposition of the Halls (as well as defendant George J. Castle, Inc.) (id.

Ex. F).  Plaintiff contends that the Halls have not completed production.  (Docket No. 58, Pl.

Atty. Aff. ¶¶ 4, 12, 13, 14, 16).  Plaintiff denies that it filed this motion in retaliation for the

Halls' motion, arguing that it moved when it did based upon the timing of the June 3, 2005, deposition of Hall, Jr. (id. ¶ 19).

## DISCUSSION

I.      Motions to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d 1994).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ."  Fed. R. Civ. P. 26(a)(1)(B).  Obviously, an insurance policy that is the subject of a declaratory judgment action would be a document that plaintiff would use to support its claim and should be promptly produced under Rule 26(a)(1)(B).  In addition to the required initial disclosure of insurance policies that may be used to satisfy a judgment entered in this action (see Fed. R. Civ. P. 26(a)(1)(D)), document production under the Federal Rules requires production for inspection or copying any designated document, Fed. R. Civ. P. 34(a).  Evasive or incomplete disclosure is to be treated like a failure to disclose.  Fed. R. Civ. P. 37(a)(3).   Failure to produce and

compelling the opponent to seek an order compelling discovery exposes the party (and/or its attorney) to sanctions.  See generally id. R. 37.

Discovery requests, responses, and objections are governed by Rule 26(g) and the attorney's signature on the discovery document reflects counsel's certification that "to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is" consistent with the rules and warranted by existing law (or a good faith argument for its extension, modification, or reversal); is not interposed for any improper purpose; and is not unreasonable or unduly burdensome or expensive.  Id. R. 26(g)(2).  A certification made without substantial justification may subject the signer to sanction.  Id. R. 26(g)(3).

Here, the parties have sought to strike pleadings upon their opponent's failure to produce documents, but without a previous Order compelling disclosure.  Their arguments compel a close analysis of the timing of conferences and notices and whether the parties cooperated in discovery before invoking judicial intervention.  Each party seeks to impose its own close reading of the rules to its opponent, while not necessarily adhering closely to the rules themselves.  They have taken discovery that should be a smooth extrajudicial exchange of materials and made it into a contentious affair.  Counsel is admonished of their continuing obligation in discovery to be cooperative and to act in good faith to resolve disputes before seeking judicial intervention, cf. Fed. R. Civ. P. 26(g)(2), (3), 37(a)(2).

A.      The Halls' Motion to Compel

1.      Production of the Insurance Policy

Here, the Halls sought production of documents, including the insurance policy about which plaintiff seeks a declaratory judgment.  Plaintiff objected to production claiming that the

policy was confidential between it and its insured, defendant George J. Castle, Inc.  But plaintiff never moved for a protective order either to extend its time to produce or to prevent production of a unredacted version of the policy or to assert a confidentiality argument.  Plaintiff should have produced the relevant policy with its initial Rule 26(a) disclosure as a document supporting its claim.  Plaintiff's responses to the Halls' discovery demands were evasive (only indicating its willingness to produce at some unspecified date), but plaintiff eventually produced the policy, without requiring confidentiality agreement (see Docket No. 47, Defs. Atty. Reply Aff. ¶ 19).

The usual response to a document demand under Rule 34 is either to state that the request will be granted and state when it would be complied with or to object to the demand.  8A Federal Practice and Procedure, supra, § 2207, at 386.  "The simplest response is one saying that the discovery sought by the request will be allowed at the date and place and in the manner specified by the request," id. § 2213, at 425, or stating that production will be made at a different time or place or in a different manner.  "The actual inspection ultimately is usually held at a time and place agreed upon by the parties."  Id. at 429.  This process is supposed to be extrajudicial and not involve the Court if the parties agree upon production.  See id. § 2207, at 386-87, § 2213, at 426.

The Halls' demand for production here required actual production of the sought materials within 30 days of the demand (Docket No. 39, Ex. F).  Mere willingness to produce documents at some latter, unspecified time (see Docket No. 45, Pl. Atty. Aff., Ex. C), without then either forwarding copies of those documents or stating when that disclosure would occur does not satisfy Rule 34.   Plaintiff eventually produced the policy in the face of the Halls' motion (see

Docket No. 45, Pl. Atty. Aff., Ex. C).  Such production, however, does not avoid sanction, <u>see</u> Fed. R. Civ. P. 37(a)(4)(A).

Plaintiff had argued that the insurance policy was confidential (at least it believed that George J. Castle, Inc., would insist upon confidentiality, which was uncertain to plaintiff since George J. Castle, Inc., initially had not appeared and was in near default for the early part of this action).  Although later furnishing a confidentiality stipulation (Docket No. 45, Ex. A), plaintiff never insisted upon a confidentiality agreement prior to producing, just noting it in its initial objection to producing confidential materials.  George J. Castle, Inc., however, has not responded to this motion and plaintiff had not produced a statement from that corporation indicating its position on the confidentiality of its policy.  Nevertheless, plaintiff later produced the policy (<u>see</u> Docket No. 45, Pl. Atty. Aff. Ex. C) without the fully executed confidentiality stipulation (Docket No. 47, Defs. Atty. Reply Aff. ¶¶ 17-19).

Since plaintiff has produced the policies, an order to compel their production now would be moot.  The Halls argue, however, that there may be a 2000 version of the policy that was not produced.  Thus, plaintiff is to produce all versions of the insurance policy relevant to this action that have not yet been produced and this portion of the Halls' motion is **granted**.

2.	Privileged Log Documents

Plaintiff did not produce documents identified in its privilege log on the grounds of attorney-client privilege.  The Halls claim that the privilege is not applicable here between the

insurer and the insured's counsel retained by the insurer to defend a claim.  (Docket No. 47,

Defs. Atty. Reply Aff. ¶¶ 34, 28-33, 35-36 [3].)

          a.        Choice of Law

The Court posed the question of the relevant jurisdiction's law on the question of

attorney-client communication privilege asserted here (Docket No. 49).  All parties concede that

New York State substantive law applies to the attorney-client privilege (see Docket No. 55, Defs.

Memo. at 1-2; Docket No. 56, Pl. Memo. at 1-2; Docket No. 57, Pl. Reply Memo. at 3).  Since

the parties agree, New York law will be applied to the attorney-client privilege claim.

          b.        Timing of Objection

The Halls contend that plaintiff failed to make a timely objection under Rule 34, hence

waiving its privilege objection (Docket No. 55, Defs. Memo. at 3).  The Halls served their

demand on January 13, 2005 (see Docket No. 41, Defs. Atty. Aff. ¶ 14, Ex. G), after the parties

agreed upon a joint discovery plan (id. ¶ 14, see also id. ¶ 8 (parties filed joint Rule 26(f) report

on Sept. 2, 2004), Ex. D (Rule 26(f) report); Docket No. 9 (Rule 26(f) report)).  Plaintiff objected

on February 24, 2005 (see Docket No. 41, Defs. Atty. Aff., Ex. J).

Plaintiff argues that the January 13, 2005, demands were premature (see id. Ex. I), with

plaintiff deeming for time calculation, the early notices to be dated the day after the January 24,

2005, Scheduling Order (Docket No. 38) was issued (Docket No. 41, Defs. Atty. Aff. ¶ 16,

---

[3]Neither party initially submitted a memorandum of law in support of their respective positions on the Halls' motion, instead raising legal arguments in counsels' affidavits.  E.g., Docket No. 45, Pl. Atty. Aff. ¶¶ 19, 25-26; Docket No. 47, Defs. Atty. Reply Aff. ¶¶ 28-31, 34. The better practice is to submit (even a very brief) legal memorandum outlining authority for the party's legal contentions.  The absence of such legal argument compelled the Court to order briefing on this issue, Docket No. 49.

Ex. I).  That letter also requested that the Halls' counsel note his objection to plaintiff's

construction (id. Ex. I).  The Halls, however, did not raise an objection to plaintiff's statement

that the start date for its response to these demands was January 25, 2005, the day after issuance

of the Scheduling Order.  Plaintiff contends that the conference has to include all parties and,

since some defendants had not appeared, no such conference was held (Docket No. 45, Pl. Atty.

Aff. ¶¶ 31, 32; Docket No. 57, Pl. Reply Memo. at 4-5).

1.      Rule 26(f) Conference as Starting Point to Conduct
        Discovery

Rule 26(d) states that, unless exempted by rule or by court Order, "a party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f)."  See also

Fed. R. Civ. P. 34(b) (without leave of court or written stipulation, party cannot serve document

production demand before time specified in Rule 26(d)); W.D.N.Y. Local Civ. R. 26(c) (same).

A Rule 26(f) conference is distinct from a scheduling conference under Rule 16(b).  See Fed. R.

Civ. P. 26(f); W.D.N.Y. Local Civ. R. 26(b), 16.1(a).  The Rule 26(f) conference among "the

attorneys of record and all unrepresented parties that have appeared in the case" is held at least

21 days before the scheduling conference.  Fed. R. Civ. P. 26(f).  The parties in that conference

agree upon the parameters of discovery and its timing, whether the limitations within the rules

should be changed for that case, as well as the necessity of discovery and other pretrial orders.

Id.  Following the conference, the parties agree upon a discovery plan which is submitted to the

Court.  Id.  Parties may commence with discovery following that conference (or upon the

agreement of the parties).  W.D.N.Y. Local Civ. R. 26(c).  Under this Court's local rules, the

parties convene for a discovery conference, then the court conducts a pre-trial conference where

discussion of possible settlement, intended discovery, and scheduling occurs.  W.D.N.Y. Local

12

Civ. R. 16.1(a).  During the Rule 16(b) scheduling conference (also called in this District, rather confusingly, the "pre-trial discovery conference," W.D.N.Y. Local Civ. R. 16.1(a)), the parties and the Court discuss the timing of all pretrial events in the case, including discovery (as proposed in the discovery plan) and establish the schedule for the balance of the action, Fed. R. Civ. P. 16(b).

The Rule 26(f) conference requires participation of only the parties that had appeared in the action at that time.  Fed. R. Civ. P. 26(f).  Those parties that confer may begin conducting discovery among themselves.  Here, plaintiff and the Halls filed a joint Rule 26(f) plan in September 2004 (Docket No. 9).  When plaintiff and the Halls drew up the joint September 2004 Rule 26(f) plan, they were the only parties that had appeared in the action.  (Cf. Docket Nos. 7 (Halls' Answer, Apr. 6, 2004), 12 (Order to Show Cause as to defendant George J. Castle, Inc., Oct. 22, 2004), 14 (motion for default judgment against defendant Harold Hall, Sr., Nov. 12, 2004), 16 (clerk's entry of default against Hall, Sr., Nov. 15, 2004), 18 (motion for default judgment against George J. Castle, Inc., Dec. 14, 2004), 29 (clerk's entry of default against George J. Castle, Inc., Dec. 15, 2004), text order of Jan. 12, 2005 (vacating default entered against George J. Castle, Inc.); see also Docket No. 30 (George J. Castle, Inc., Answer, Dec. 17, 2004.)  So among themselves, plaintiff and the Halls could have begun discovery following their conference adopting that plan (see Docket No. 41, Defs. Atty. Aff. ¶ 8), they did not need to wait for the appearance of the other defendants (one of which, in fact later defaulted) before conferring and starting disclosures and discovery.  Plaintiff, in fact, issued its initial disclosure following that conference on December 27, 2004 (see Docket No. 41, Ex. F), see Fed. R. Civ. P. 26(a)(1) (disclosures are made within 14 days after the Rule 26(f) conference).

13

2.      Timing of Objections to Document Production, Rule 34(b)

Once the Rule 26(f) conference was held and document demands have been served,

Rule 34(b) gives a party 30 days to respond or object to a document production demand.  "A

shorter or longer time may be directed by the court or, in the absence of such an order, agreed to

in writing by the parties, subject to Rule 29."  Fed. R. Civ. P. 34(b).  The Halls cite cases from

the Southern District of New York, Smith v. The Conway Organization, Inc., 154 F.R.D. 73, 76

(S.D.N.Y. 1994); Bowne of N.Y.C., Inc. v. AmBase Corp., 150 F.R.D. 465, 489 (S.D.N.Y.

1993); cf. Scott v. Arex, Inc., 124 F.R.D. 39, 43 (D. Conn. 1989) (opponent failed to object to or

answer interrogatories) (cited by the Halls, Docket No. 55, Memo. at 4), which by local rule

require that any objection not stated under Rule 34 is waived.  S. & E.D.N.Y. Local Civ. R. 26.2

(formerly Rule 46(e)(2)).  The responses in those cases were far later than the ten day delay here,

see Smith, supra, 154 F.R.D. at 76 (six month delay).  This District, however, has no such local

rule.

Here, a demand was made on January 13, 2005, the day the appearing parties (including

George J. Castle, Inc.) agreed to the discovery plan, and after the plaintiff and the Halls

previously agreeing to a discovery plan when they were the only parties that appeared in the

action.  A timely response as of January 13 would have been due by Monday, February 14, 2005.

But there is no written stipulation or Court Order adopting plaintiff's calculation for when

discovery should begin (see Docket No. 55, Defs. Memo. at 4); at most, the Halls appeared to

have acquiesced in plaintiff's construction, until their argument in this motion.  Rule 29,

however, requires more than inaction, it requires the parties to enter into a stipulation or one

party to make a motion seeking Court intervention to confirm their understanding.  The Halls and

14

plaintiff agreed to a discovery plan in September and could have conducted discovery among each other prior to the appearance of the other defendants.  Thus, the Halls' discovery demands were effective when served on January 13, 2005, and responses and objections thereto were due by February 14, 2005.

Given that Rule 34(b) allows the Court to adopt a longer time to respond to discovery and there was only ten days between the date objections were due and when they were actually furnished, the Court nevertheless allows plaintiff to make its present objections on attorney-client privilege grounds.  Other cases in this District dealing with the waiver of objections to discovery demands involved instances where the party either failed to raise a particular objection, see Cliffstar Corp. v. Sunsweet Growers, Inc., 218 F.R.D. 65, 69 (W.D.N.Y. 2003), or failed to object entirely and responded to the demand months after the demand was made, see Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 236-37 (W.D.N.Y. 1998) (Foschio, Mag. J.).

The Court, however, will not allow plaintiff to assert new objections at this late date that were not raised in its responses to the Halls' discovery demands.  Plaintiff for the first time argues an attorney work product privilege objection to producing these materials, contending that this objection is governed by federal procedural law (Docket No. 56, Pl. Memo. at 2; cf. Docket No. 60, Defs. Reply Memo. at 2 (plaintiff's affidavit, Docket No. 45, does not object on work product grounds)).  Given the late reference to the assertion of work product privilege, the Court will not consider this ground for an objection.

c.      Attorney Client Privilege

Plaintiff's assertion of attorney-client privilege is similar to the situation in Tudor Insurance Company v. McKenna Associates, No. 01 Civ. 0115, 2003 WL 21488058 (S.D.N.Y.

June 25, 2003) (Francis, Mag. J.).  (See Docket No. 56, Pl. Memo. at 2-5; Docket No. 57, Pl.

Reply Memo. at 2, 8-9.)  In Tudor, the insurer provided insured McKenna Associates with

defense counsel to defend that firm in a personal injury action.  Tudor then retained its own

coverage counsel[4] to advise as to the scope of Tudor's obligation under its policy, id. at *1.

Tudor then commenced a declaratory judgment action naming insured McKenna and the tort

victim Joyce as defendants, and later a third-party action was commenced by the insurance

broker.  In discovery, that broker sought documents from Tudor, but Tudor withheld

correspondence it had with its retained counsel and its coverage counsel, arguing that this

correspondence was all attorney-client communications.  Id.  The district court, applying New

York substantive law, held that the communication with the retained counsel ceased to be

privileged.  Although the retained counsel had an attorney-client relationship with Tudor as well

as with the insured as a matter of New York law, id. at *2 (citing Bovis Lend Lease, LMB, Inc. v.

Seasons Contracting Corp., No. 00 Civ. 9212, 2002 WL 31729693, at *3 (S.D.N.Y. Oct. 16,

1998); Liberty Mutual Ins. Co. v. Engels, 41 Misc.2d 49, 244 N.Y.S.2d 983, 986 (Sup. Ct. Kings

County 1963), aff'd, 21 A.D.2d 808, 250 N.Y.S.2d 851 (2d Dep't 1964)), the paramount client is

the insured, id. (quoting Bovis, supra, at *3).  "Therefore, to the extent that the interests of the

insured and the insurer collide with respect to the assertion of the attorney-client privilege for

communications with counsel retained for the insured, the insured necessarily prevails."  Id.

Since the insurance broker was aligned in interest with the insured, and both were in adverse

interest to the insurer, the court held that Tudor could not invoke the shield of attorney-client

---

[4]The court also held that the communication between the insurer and its coverage counsel
remained privileged.  Id. at *3.

privilege against disclosure to the insured or the third-party broker.  Id.  But the shield remains for disclosure to the tort victim, Joyce.  Id. at *3.  "Although Mr. Joyce's interests are similar to those of McKenna in this coverage litigation, they remain adverse in the underlying tort case.  Accordingly, [the retain counsel's] documents required by this Order to be produced to [the insurance broker] may not be disclosed to Mr. Joyce."  Id.

Here, the Halls are like Joyce in Tudor.  While similar to defendant insured in this declaratory judgment action, their interests remain adverse to the insured in the underlying state tort action.  The shield of attorney-client privilege remains.  Despite plaintiff's otherwise late objection, the Halls as plaintiffs in the state personal injury action are barred by the attorney-client privilege from disclosure of the Hurwitz & Fine documents sought by the Halls.  Thus, this portion of the Halls' motion is **denied**.

3.    Deposition of Claims Personnel

As for the Halls' demand that claims representative be present for a deposition, the parties have scheduled a deposition for June 1, 2005.  Plaintiff has not objected to this demand, but merely stated that it would furnish an unnamed corporate representative at this examination.  At oral argument, the Halls continued to insist upon plaintiff producing either the authors of the reservation of rights and disclaimer letters or the person or persons who authorized those letters.  There was no objection made to the Court regarding the June 1 deposition, especially in reply papers after that date without objection.  Therefore, this part of the motion is **deemed moot** by the conduct of the June 1 deposition.

B.      Plaintiff's "Cross"-Motion to Compel

Plaintiff, in effect, sought discovery and then cross-moved to compel while the Halls'

motion to compel was pending.  While plaintiff was making its belated and incomplete

discovery, plaintiff engaged in "tit for tat" discovery and motion practice.[5]  (See Docket No. 54,

Defs. Atty. Aff. ¶ 31.)  This timing is important regarding plaintiff's obligation to show good

faith in attempting to resolve this dispute (an otherwise extrajudicial matter) prior to seeking

judicial intervention.

Rule 37 requires the movant to certify that it conferred (or attempted to confer) with the

recalcitrant party in good faith to secure discovery.  Fed. R. Civ. P. 37(a)(2)(B); see W.D.N.Y.

Local Civ. R. 37.  Plaintiff here presents only two letters to certify attempts to confer with the

Halls' counsel.  The first letter was the cover letter for the discovery notices and the second letter

(days before argument of the Halls' motion) seeking production and rejecting the Halls'

argument regarding the timing of plaintiff's disclosure relative to their pending motion against it.

(Docket No. 51, Pl. Atty. Aff. ¶¶ 4, 6, Exs. A, C.)  Plaintiff relies upon the latter letter as

constituting its "sincere attempt to resolve this discovery dispute."  (Docket No. 58, Pl. Atty.

Reply Aff. ¶¶ 11, 10.)  A single letter from counsel has been found to not sufficiently satisfy the

duty to confer under Rule 37.  Williams v. Board of County Comm'rs of Unified Gov't of

Wyandotte County & Kansas City, Kan., 192 F.R.D. 698, 699-700 (D. Kan. 2000); see

---

[5]Nevertheless, examining plaintiff's demands, some of them seek materials readily available from public records, such as the pleadings in the state court action, or from plaintiff's own files (such as copies of the original pleadings in that action in all likelihood sent to plaintiff by defendant George J. Castle, Inc., in seeking defense and indemnification).  Compare Fed. R. Civ. P. 26(b)(2)(I), which limits discovery methods where the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive."

Pulsecard, Inc. v. Discover Card Servs., 168 F.R.D. 295, 302 (D. Kan. 1996); Time Inc. v.

Simpson, No. 02 Civ. 4917, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002) (denying costs

where movant failed to meet and confer).  In Time Inc., the court noted that the failure to meet

and confer forgoes the opportunity for the parties to narrow the issues before seeking court

intervention, although the court considered the merits of plaintiff's motion to compel.  2002 WL

31844914, at *2.

    The Halls contend that counsel spoke on April 29 and May 26, 2005, but did not discuss

plaintiff's discovery demands and defendants' rejection of it (Docket No. 54, Defs. Atty. Aff.

¶¶ 13, 18). As previously noted, plaintiff could have mentioned its discovery dispute during the

May 31 argument of the Halls' motion (especially given the immediacy of the deposition of

Harold Hall, Jr., on June 3) but did not (see id. ¶ 20).   By at least mentioning this conflict in open

court, that would have advanced attempts by plaintiff at conferring in good faith on this issue and

resolving it short of motion practice, rather than relying merely on two letters (including the

cover letter serving the demands and notices).[6]  On June 1, during the examination of plaintiff's

claim representative, plaintiff again did not discuss its pending discovery with the Halls' counsel

(id. ¶ 23).  The next day counsel discussed the Halls' counsel picking up the exhibits from that

examination and again without mentioning plaintiff's discovery dispute (see id. ¶¶ 27-28, Ex. F),

save service of plaintiff's present motion (id. ¶ 29).  No objection has been made to the Court

concerning the June 3 deposition of Hall, Jr., and others, which was adjourned (id. Ex. F).  The

_____

[6]Plaintiff argues that the Halls failed to produce after the return date on their motion,
Docket No. 51, Pl. Atty. Aff. ¶ 7.

Halls also note that defendant George J. Castle, Inc., had not responded to plaintiff's discovery demands, yet no motion has been filed against it to compel production.  (<u>Id.</u> ¶ 32.)

Compare this with the Halls' counsel meeting and conferring with plaintiff's counsel leading up to their motion.  They alleged that counsel conferred prior to their motion (Docket No. 41, Defs. Atty. Aff. ¶ 7), from the entry of the joint discovery statement (<u>id.</u> ¶ 8), through initial disclosure (<u>see id.</u> ¶ 10), and the Halls' letter of December 16, 2004, requesting a copy of the insurance policy (<u>id.</u> ¶ 9).  They then alleged that calls were made to plaintiff's counsel repeating the request for the policy (<u>id.</u> ¶ 13), and then called counsel following receipt of plaintiff's production without producing that policy (<u>id.</u> ¶ 20, <u>see id.</u> ¶ 21, Ex. K (follow up letter of February 25, 2005, confirming substance of telephone conversation)).

Plaintiff fails to establish sufficient proof of good faith attempts to confer to resolve its discovery prior to making this motion.  The timing of this motion relative to the Halls' pending motion makes this motion appear suspect and filed merely in retaliation, despite plaintiff's protest to the contrary (<u>cf.</u> Docket No. 58, Pl. Atty. Reply Aff. ¶ 19).  Therefore, plaintiff's motion to compel is **denied**.

This denial of plaintiff's motion, however, should not be construed that the Court is issuing a protective order to the Halls against production or completing or supplementing production (<u>cf.</u> Docket No. 58, Pl. Atty. Reply Aff. ¶¶ 12-14, 16).  If portions of plaintiff's demands were not produced, the Halls should respond.  If they fail to do so, plaintiff and the Halls' counsel should make good faith efforts to facilitate that production (at a minimum, to provide the basis for a motion to compel) and, if a motion is necessary, plaintiff should properly document its attempts to resolve this matter before filing the motion.

II.      Striking Pleadings as Sanction

Because both parties seek the striking of their opponent's pleadings as a sanction (see Docket Nos. 41, 50), such a sanction may ultimately dispose of the action.  Hence, Judge Skretny issued limited dispositive referrals to this Court to render a Report & Recommendation on these motions (see text order of Apr. 13, 2005; text order of June 3, 2005).  The accompanying Report & Recommendation discusses this form of relief.

*The Halls' Motion for Sanctions*

If a motion to compel is granted or if a party (like plaintiff here) provides disclosure after a motion to compel is filed, the court "shall" require the opposing party (and/or counsel advising that party) to pay to the Halls their reasonable motion expenses. Fed. R. Civ. P. 37(a)(4)(A).  If a movant does not prevail, sanctions are not available and the Court must impose sanctions upon the movant for the opposing party's reasonable motion expenses unless the Court finds that motion was substantially justified or other circumstances makes an award of expenses unjust, id. R. 37(a)(4)(B).

The Halls seek sanctions under this provision.  If a party prevails in part, the Court may, after affording an opportunity to be heard, apportion the reasonable expenses incurred.  Id. R. 37(a)(4)(C); see Advisory Comm. Notes Rule 37(a) (1993) (paragraph 4 revised "to make clear that the court can consider such questions on written submissions as well as on oral hearings"); Paladin Assocs. v. Montana Power Co., 328 F.3d 1145, 1164-65 (9th Cir. 2003) (in upholding discovery sanction imposed, opportunity to brief issue of sanctions held to suffice as opportunity to be heard).

21

First (as stated in the accompanying Report & Recommendation), the sanction of striking a pleading is not available upon a party's disregard of only a discovery demand absent an Order to compel. The appropriate sanction here is awarding the Halls the limited costs for this motion. See, e.g., Fisher v. Harris, Upham & Co., Inc., 61 F.R.D. 447, 451 (S.D.N.Y. 1973) (reduced monetary sanction imposed rather than striking answer and imposing three times greater monetary sanction), dismissed, 516 F.2d 896 (2d Cir. 1975). The amount of the Halls' reasonable expenses will be addressed in another Order. As a partially prevailing parties for a discovery motion, under Rule 37 the Halls are entitled to recover their reasonable motion expenses related to the portions of their motion in which they obtained relief (namely disclosure of the insurance policy). But to avoid a windfall (and as stated in the accompanying Report & Recommendation), the Halls may not recover the costs associated with defending against plaintiff's crossing motion to compel.

The Halls are to file an affidavit of the reasonable costs relative to their motion only within five days of entry of this Order; plaintiff may file a reply within five days after service of that affidavit. The Court then will consider the Halls' application and issue another Order as to the reasonable costs to be awarded the Halls as a sanction.

## CONCLUSION

Based upon the above, so much of defendants Harold Hall, Jr., and Linda Hall's motion (Docket Nos. 39, 41) to compel disclosure is **granted in part** (in particular, granting compelled production of the insurance policy at issue), and **denied in part** (denying disclosure of attorney-client privilege documents, and those portions of the motion now deemed moot). The Halls are to file an affidavit of their reasonable costs as described above within five (5) days of entry of

this Order; plaintiff may file a reply within five (5) days after service of that affidavit.  The Court

then will consider the Halls' application submitted and issue an Order as to the reasonable costs

to be awarded the Halls as a sanction.

Plaintiff Associates Insurance Company's motion (Docket No. 50) to compel and for

sanctions (short of dispositive relief), however, is **denied in its entirety**, but without awarding

additional costs to defendants Hall.

The accompanying Report & Recommendation filed in this action considers the

dispositive aspects of these motions.

SO ORDERED.

_____ s/HBS _____
                                        Hon. Hugh B. Scott
                                United States Magistrate Judge

Dated: Buffalo, New York
        July 21, 2005