UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASSOCIATES INSURANCE COMPANY,

        Plaintiff,

                                                                                **Hon. Hugh B. Scott**

        v.                                                       04CV174S

                                                                            **Order**

GEORGE J. CASTLE, INC., HAROLD HALL, JR.,
LINDA HALL, HAROLD HALL, SR.,

        Defendants.

Before the Court is the follow up to defendants Harold Hall, Jr., and Linda Hall's motion to compel (Docket Nos. 39, 41) and this Court's Order (Docket No. 62) granting that motion in relevant part and ordering the Halls to file an affidavit of their reasonable motion costs. The Halls filed such an affidavit (Docket No. 64, see Docket No. 66 (replacing Exhibit A to Docket No. 64), No. 69 (replacing Docket No. 64)). The Order gave plaintiff five business days from the service of that affidavit to submit any response to it, or by August 2, 2005. Plaintiff filed a timely response on August 1, 2005 (Docket No. 67).

                                                                  BACKGROUND

The Halls now claim their attorneys spent 15.6 hours in preparing and arguing their motion to compel (Docket No. 69, Halls Atty. Am. Aff. ¶ 4, Ex. A; see Docket No. 64, Halls Atty. Aff. ¶ 4, Ex. A, Docket No. 66, Amended Ex. A[1]). Their counsel claims an attorney's rate

---

[1]The original Exhibit A included one hour of time in May 13, 2005, that is not included in the amended version of the exhibit. Compare Docket No. 64, Ex. A, with Docket No. 66 and

of $150 per hour for a practitioner since 1983 (id. ¶ 6), the Halls' fee request would total $2,340.00. The Halls invite the Court to apportion the reasonable and fair costs associated with their motion to compel (as opposed to resisting plaintiff's cross-motion to compel) (id. ¶ 7), without seeking costs associated with responding to plaintiff's cross-motion (id. Ex. A, ending at May 31, 2005; cf. id. ¶ 5, costs excluded work related to attorney-client privilege issue). The Halls do not claim other out-of-pocket motion expenses or costs (such as publication, duplication, postage, or electronic legal research).

Plaintiff responds (without waiving its right to object to the Report & Recommendation entered in this case) that several costs are not entitled to be awarded pursuant to this Court's prior order and other costs claimed were excessive and unreasonable (Docket No. 67, Pl. Atty. Aff. ¶¶ 6, 3). First, plaintiff would exclude the Halls' time expended corresponding prior to making their motion (id. ¶¶ 7-9), a total of .5 of an hour (or $75 in fees). Next, plaintiff contends that the April 1, 2005, time entry of 1.2 hours was excessive, as well as the total of 7.4 hours cited in two time entries for April 4, 2005, especially since no memorandum of law was filed and the Halls contended their entitlement to the insurance policy as early as June 2004 (id. ¶¶ 10-12). Plaintiff notes that the Halls did not submit a memorandum of law or reply memorandum, and any claims for time expended creating these documents should be discounted (id. ¶¶ 13, 14-15). Plaintiff then asks this Court to cut a substantial portion of time from the Halls' claim (id. ¶ 16), but does not recommend an amount of time deemed reasonable.

---

Docket No. 69, Ex. A.

DISCUSSION

*Reasonable Expenses*

Plaintiff argues that the time spent by the Halls' counsel was excessive (Docket No. 67). Note, plaintiff has not objected to the rates charged by the Halls or the reasonableness of the rates relative their attorneys' levels of experience.

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. <u>See</u> <u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

The Court agrees with plaintiff that some of the time claimed in the affidavit of Halls' counsel is excessive. Upon close examination of the application by the Court, in addition to the issues noted by plaintiff, the Halls' counsel expended a substantial amount of time in researching and preparing this motion, despite not filing an initial memorandum of law (<u>see</u> Docket No. 62, Order at 11 n. 3) or reply memorandum of law (despite the legal arguments raised in the Halls' reply affidavit, Docket No. 47, ¶¶ 28-34, without citation to authorities). The Halls claim a total of 7.4 hours on April 4, 2005, in researching and preparing the motion (<u>see</u> Docket No. 67, Pl.

Atty. Aff. ¶ 11).  As plaintiff notes, this amount of time is excessive and has been reduced by 4.4 hours to 3.0 hours reasonably spent preparing the motion papers.  Despite plaintiff's contention that the Halls raised their argument about production of the insurance policy since last June, the Court recognizes that some research was necessary to prepare the motion to compel production of that policy.  Also excluded is the time from April 5, 2005, for preparing the covering letter and electronic filing and service of the motion, since this cover letter was sent under the signature of a legal assistant in the attorney's office.  On May 15, 2005, the Halls claim 3.2 hours were spent drafting reply affidavit and memorandum of law when no such memorandum was filed; as a result, the reasonable time expended is 1.6 hours (reducing the sought amount by one half).  Finally, on May 30-31, 2005, the Halls claim a total of 2.2 hours were spent preparing for argument, for travel to the argument, and the argument itself.  That amount of time also is excessive and will be reduced by half to 1.1 hours.  Thus, a total of 7.2 hours claimed by the Halls will be reduced as not being a reasonable expense.  The Court will credit a total of 8.4 hours as reasonable attorney time in preparing and arguing the Halls' motion.

As for the half an hour expended over four dates in corresponding with plaintiff prior to making this motion to compel (see Docket No. 67, Pl. Atty. Aff. ¶¶ 7-8), these are reasonable expenses that can be included in this application.  The prior Order's reference to the Halls filing an affidavit of "the reasonable costs relative to their motion only" (Docket No. 62, Order at 22) referred to their motion as distinct from plaintiff's crossing motion.  Under Rule 37(a), a movant is encouraged first to try to resolve the discovery dispute informally (by communicating with the party refusing to produce) before seeking court intervention.  By denying the moving parties recovery of their costs in dealing with the recalcitrant party prior to the motion would not

accurately reflect the true costs of the motion, including the cost in time leading up to the motion practice.  Had plaintiff complied when the demands were initially served or upon any of the subsequent correspondence demanding compliance, the Halls' motion would not have been necessary.  The correspondence and the time expended to generate them are reasonable in this case.  Therefore, this half hour of attorney's time remains within 8.4 hours of allowed time.  Plaintiff raises no objection to the Halls' attorney hourly rate of $150 per hour for an attorney with over twenty years experience.  That rate is reasonable and the Halls should recover as a sanction a total of $1,260.00.

## CONCLUSION

For the reasons stated above, defendants Harold Hall, Jr., and Linda Hall's motion for discovery sanctions (Docket Nos. 39, 41, 69, 64, 66, see Docket No. 62) is **granted in part**, as indicated above, as against plaintiff.  Plaintiff is to pay these defendants **$1,260.00** as sanction.  The Court finds that this amount is a reasonable amount for motion expenses.

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      August 2, 2005